```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
    In re 883 Keene Lane Trust,

                              Debtor.          1:25-cv-6689-GHW
-----------------------------------------------------------------X
                                                     ORDER
    883 KEENE LANE TRUST,

                            Appellant,

           v.

    JPMORGAN CHASE BANK, NATIONAL
    ASSOCIATION,

                            Appellee.
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

        On August 13, 2025, Kenneth Lee filed an appeal of an order of the United States District Bankruptcy Court for the Southern District of New York. Dkt. No. 1. On August 14, 2025, this Court dismissed Mr. Lee's appeal because he could not appear *pro se* on behalf of debtor 883 Keene Lane Trust (the "Trust"). Dkt. No. 2. The Clerk of Court closed this case pursuant to that order. *Id.* On August 27, 2025, this Court denied Appellant's request to proceed *in forma pauperis* and further noted that the filing of this appeal without filing the required fee was deficient. Dkt. No. 5. Mr. Lee now asks the Court to reconsider its prior order dismissing this appeal. Dkt. Nos. 7, 8. His request is denied.

        As Mr. Lee recognizes, he is not a lawyer, but he is making submissions in court on behalf of the Trust. *See* Dkt. No. 7 at 2. As the Court's August 14, 2025 order made clear, a nonlawyer may not represent a fictional entity in federal court. *See* Dkt. No. 2. The Court cannot accept the arguments that Mr. Lee makes on behalf of the Trust, including those made in his request for the

Court to reconsider its prior order. Put simply, if the Trust wishes to be heard in this Court, it must retain counsel.[1]

Further, Appellant's appeal remains deficient because the appeal was not accompanied by required fee nor has Appellant obtained leave from the Bankruptcy Court to appear *in forma pauperis*. As the Court explained, this was an independent reason to dismiss the appeal. *See* Dkt. No. 5; *see also* Fed. R. Bankr. P. 8003(a)(3)(C) (stating the fee requirement).

Accordingly, Mr. Lee's request is denied without prejudice. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 7, 8. The Clerk of Court is further directed to mail a copy of this order and the order at Dkt. No. 5 to Appellant by certified mail.

SO ORDERED.

Dated: September 9, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge

---

[1] Mr. Lee indicates that he intends to appear as counsel for the Trust. Dkt. No. 9. Prior to representing that he is an attorney competent to practice before this Court, Mr. Lee is strongly encouraged to review New York Judiciary Law § 478.